66 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard David PARKER, Petitioner-Appellant,
v.
Lee CONNER, Respondent-Appellee.
 No. 94-16816.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 8, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard David Parker, a federal prisoner, appeals pro se the district court's dismissal of his Bivens action. He contends the district court erred when it construed his 28 U.S.C. Sec. 2241 petition as a Bivens action and dismissed for failure to exhaust administrative remedies. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Parker filed this action as a 28 U.S.C. Sec. 2241 petition while incarcerated at FCI Safford, Arizona. He seeks injunctive relief for conditions of confinement which he contends impermissibly infringe on his right, and the right of others similarly situated, of access to the courts. He contends that in light of a prisoner's nominal wages, the prison's practice of charging excessive copy fees to non-indigent prisoners and denying legal copies and postage to indigent prisoners while requiring that prisoners buy their own shampoo and deodorant violates a prisoner's right of access to the courts.
 
 
 4
 Because Parker sought injunctive relief, the district court properly construed his petition as a Bivens action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). See McCarthy v. Madigan, 503 U.S. 140, 153 n. 5 (1992). Although Parker concedes he has not exhausted administrative remedies, he contends exhaustion is not required because exhaustion would be futile; the administrative procedure is inadequate to prevent irreparable injury; and the prison's practice clearly violates a constitutional right. We reject each of these contentions and agree with the district court that exhaustion of administrative remedies is required before Parker can procede with this Bivens action.
 
 
 5
 We also reject Parker's contention that the district court should have construed his action as a petition for writ of mandamus. See Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir.1986) (mandamus unavailable if adequate remedy exists).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3